SNELL (BROOKS v.). See Case No. 1,961.

---

## Case No. 13,137.

SNELL et al. v. DELAWARE INS. CO.

[1 Wash. C. C. 509; [1] 4 Dall. 430.]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

MARINE INSURANCE—OPEN POLICY—VALUE.

The foundation of all insurances, unless of the wager kind. is the real value of the thing insured. In a valued policy, the parties agree upon the value; in an open policy, the assured is bound to prove it. The prime or invoice cost, may, in most cases. be, prima facie, a very proper criterion of value; but it is not conclusive. The actual value should be ascertained and determined, and this may vary from the invoice, or prime cost; and. whatever the same may be, the assurers are bound to pay it in an open policy.

[Cited in Griswold v. Union Mut. Ins. Co., Case No. 5,840.]

This was an open policy on the brig Hound, from Kingston in Jamaica to New-York, on which 2500 dollars were underwritten by

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

this office. Proof of property, that she sailed on the voyage insured, and was lost as stated, was given. It appeared in evidence that the Hound, being the property of the plaintiffs [Snell, Stagg & Co.] was captured on her outward voyage, was carried into Kingston, condemned and sold, and purchased, at the instance of the captain, by Campbell & O'Harrow, for the plaintiffs, for about 3060 dollars; who also paid about 1100 dollars for her outfits to New-York, and about the same sum for the expenses of defending the claim. Campbell & O'Harrow took a bottomry bond on the vessel, to secure the above sums, and wrote to their correspondent in Philadelphia, mentioning that they had bought the vessel for the plaintiffs, much below her value, and had advanced as above; and ordering 5000 dollars to be insured on her, which was effected in the Phœnix Company. This loss has been paid by them. Evidence was given to prove that the vessel, when she left New-York, was worth about 7000 dollars. The only question was, whether the value of the vessel exceeded the 5000 dollars paid by the Phœnix Company; because, if it did not, it was agreed that the plaintiffs could not recover any thing in this suit, for the value of their resulting interest.

Condy & Rawle, for defendants, contended, that the price at which the vessel sold at Kingston, is the only criterion of her value, which, after adding the outfits, amounted to only 4122 dollars. The costs of defending the claim, though properly insurable by Campbell & O'Harrow, could add nothing to the value of the vessel. To prove that the prime cost or invoice furnishes the criterion of value, as to the cargo, they read Park, Ins. 98, 104.

Mr. Dallas, for plaintiff, insisted, that, though the rule mentioned was applicable to goods, it was not so to the vessel; if it were, it would operate, in general, more against the underwriter than the assured. He cited 2 Marsh. Ins. 535; Mill. Ins. 247, 251, 264; 2 Caines, 23.

WASHINGTON, Circuit Justice (charging jury). The foundation of all insurances, unless of the wager kind, is the real value of the thing insured; and the only difference between a valued and an open policy, is, that, in the first, the parties agree upon the value; and in the latter, the assured is bound to prove it. But, a new principle is now attempted to be introduced; namely, that the prime cost, instead of the real value, is to be the measure of the indemnity. The prime cost, or invoice price, may, in most cases, be prima facie a very proper criterion; and, in the case of goods, the latter is the proper measure of the value. The assured cannot object to it, because the invoice is tantamount to an agreement on his part, that that is the value; and it must, in all cases, be so near to the value, that it is very properly

considered as the criterion. But, as to the prime cost, this may often vary very considerably from the invoice price; for instance, a cargo of flour may, when shipped and invoiced, be worth double as much as it cost; and, can it be contended, in such a case, that the prime cost would furnish the rule? Equally unjust, and repugnant to the principle of insurance, would it be to say, that, if a vessel be really worth twice as much as the owner gave for her, that the latter should be the criterion of value. If the prime cost is to furnish the rule, then, when the builder of a vessel insures, he must prove not what was her value, but what she cost him. The prime cost is a good rule, where no better is furnished; and, as in this case there is no proof of her real value in Jamaica, the jury may probably adopt the sum at which she sold, as the value of her. But, if they, from the evidence, are satisfied that she was worth more, they are not bound by what was given for her. I will add farther, that the rule contended for by these defendants, would, in many cases, operate most injuriously against underwriters.

The jury found for the plaintiffs upwards of 2300 dollars.